ALVARO R. CALDERÓN, JR., Member of the Commonwealth Board of Elections as representative of the Puerto Rican Union Party, Petitioner, *v.* COMMONWEALTH BOARD OF ELECTIONS, WALTER BUSÓ, ACTING GENERAL SUPERVISOR OF ELECTIONS, Respondent.

No. 27.    Decided September 18, 1972.

*Alvaro R. Calderón, Jr., pro se,* member of the Commonwealth Board of Elections. *Gilberto Gierbolini, Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for the Commonwealth Board of Elections. Mr. Luis A. Rivera Lacourt, member of the Commonwealth Board of Elections as representative of the Puerto Rican Independence Party, was present at the hearing of this appeal.

DECISION OF MR. ACTING CHIEF JUSTICE PÉREZ PIMENTEL.

During the meeting held on September 8, 1972, by the Commonwealth Board of Elections, the representative of the Puerto Rican Union Party before said Board requested "that a decision be taken by the Board to the effect that in those towns where the acceptance of nominations have been filed and the Party fulfilled the registration requirement, those candidates go to the ballot, those are candidates of the Puerto Rican Union Party, and the information given to me by the Secretary General of the party is that there are about 12 or 14 additional precincts which will be included then with [*sic*] nominations of the Puerto Rican Union Party."

The representative of the New Progressive Party and of the Puerto Rican Independence Party were opposed to this petition.

The matter was broadly discussed and finally the proposition of the Puerto Rican Union Party was taken to vote,

boiled down to what appears in the following transcript of the proceedings held:

"Mr. Calderón:

My proposition was in the sense that the nominations of the Puerto Rican Union Party should be counted, those certified at noontime on September 5 as well as those where the Puerto Rican Union Party in the registration process duly filed acceptance of nominations of candidates and petitions for registration in those precincts or municipalities amounting to the minimum required by law.

Mr. Viera Martínez:

Then I am going to request the division of the proposition in order to make two separate votes because it has two issues which in my opinion are contradictory with regard to what we are discussing here. I have no objection to have and to consider as duly filed all the nominations which were made after the conventions before 12 o'clock noon of September 5.

Mr. Calderón:

To simplify, what I want is to clarify that the proposition is that in addition to those, as to which I understand there is no kind of controversy, that in addition to them the nominations of those precincts which I don't know how many there are as I just told the colleague—that would have to be determined through the pertinent administrative computation—of those precincts where the party presented acceptance of candidates and petitions for registration equivalent to the minimum required by law, be counted.

Mr. Viera Martínez:

I would like to clarify it because the colleague uses in addition to. What I understand is that in those places where nominations have not been certified now on the basis of conventions, the persons who appeared in the petitions for registration be considered as candidates in the municipalities where they did not file now.

Mr. Calderón:

And that if there is any municipality or precinct where nominations have not been filed either by petition or through certification, now, then those remain without candidates. That is the proposition."

The representatives of the Puerto Rican Union Party, the Authentic Sovereigntist Party, and the Popular Democratic Party voted in favor. The representative of the People's Party abstained and the New Progressive Party and the Puerto Rican Independence Party voted against. The question submitted was decided against by the vote of the Acting General Supervisor of Elections.

We shall limit our decision, then, to the question just as it was submitted to vote.

Section 20 of Title 16 of the Laws of Puerto Rico Annotated defines the parties and classifies them into principal parties and parties by petition. The principal party is one which has participated in the immediately preceding general election and has maintained its condition of principal party because its candidate for Governor obtained in said election the number of votes required by law. The party by petition has not participated in any general election and it acquires its condition of party by petition when in accordance with § 112 of Title 16 of L.P.R.A. it registers in the Commonwealth Board of Elections, for the immediately following general election, candidates by petition in and for one half or more of the electoral precincts throughout the Island, and also files in said Board, for said election, petitions for the nomination of candidates signed and sworn to by a number of petitioners equivalent to five (5) percent or more of the total of votes cast for all candidates to the office of Governor of Puerto Rico in the last immediately preceding general election, said five percent computed in the manner provided in the same § 20.

How does one party or the other file the nominations? This is provided by the law in its §§ 111 and 112 of Title 16. Section 111 deals with the filing of nominations through party conventions. To that effect it provides:

"Any principal political party, or any party that cast more than five (5) percent of the total vote cast for all candidates for Governor of Puerto Rico at the immediately preceding general

election, shall be entitled to nominate candidates by duly-called conventions. Such conventions shall be held not later than August 28 of the year in which a general election is held and the chairman and the secretary of such conventions shall certify to the General Supervisor of Elections, not later than twelve o'clock noon on September 2 of said year, the names of the candidates nominated by the convention. Should any party fail to file with the General Supervisor of Elections on or before twelve o'clock noon on September 2 of said year the name of any candidate for any office, then the party failing to do so shall forfeit the right to name candidates for such office or offices."

In view of the problem raised, the construction given to the provision copied is crucial, since the Board maintains that the same is applicable to the party by petition and that therefore, the latter is bound to nominate candidates by conventions, or otherwise it forfeits the right to name candidates for offices.

The disparity in the construction arises from the fact that when this § 111 says "Any principal political party", it undoubtedly refers to the principal political party defined in the first paragraph of § 20 and we have already seen that, pursuant to this § 20, the principal party is any political party whose candidate for Governor of Puerto Rico received at the last immediately preceding general election a number of votes equivalent to five (5) percent or more of the total votes cast in said last immediately preceding general election by all parties for all candidates to the office of Governor of Puerto Rico.

However, § 111, after referring to any principal political party, adds, "or any party that cast more than five (5) percent of the total vote cast for all candidates for Governor of Puerto Rico at the immediately preceding general election, shall be entitled to nominate . . . ." This "or any party . . ." is nothing more than a principal party, because what this § 111 does is to repeat the definition of what a principal political party is with the only difference of an unimportant

transposition of words for while § 20 in referring to the requirement of the percent of votes, says "five (5) percent or more," § 111 says "more than five (5) percent," which definitively is the same thing.

Now then, to maintain that "or any party that cast more than five (5) percent of the total vote," etc., § 111 refers to a party by petition, is to force a construction which is not even supported by the language itself of said § 111 nor other provisions of the Election Law.

If they had wanted to include the party by petition in § 111, it would have been sufficient to call it by its name, as it was done with the principal party or instead it would have been sufficient to define it with the language which defines the party by petition in the third paragraph of § 20.

■ So that the principal parties, in accordance with § 111, should hold conventions to nominate candidates for the different political offices and certify them, in the manner and terms provided by law, to the General Supervisor of Elections.

■ Section 112 of Title 16 deals with the nomination of candidates of the parties by petition. Immediately after establishing the procedure to nominate candidates by petition, it provides the following in its last paragraph:

"Once completed the number of valid petitions necessary for the registration of a candidate on the election ballot, it shall be the duty of the General Supervisor of Elections to include such candidate on the said election ballot pursuant to the provisions of this subtitle."

There is no doubt that the candidate who appears legally in the petition for registration, once the number of valid petitions necessary for his registration on the election ballot is completed, should be included on the election ballot by the General Supervisor of Elections.

■ This is a means which the party by petition has to

nominate candidates. But it is not the only one. The fifth paragraph of § 20 sets forth the right of the political party which has acquired the category of party by petition to nominate candidates for all the offices to be voted in the immediately following general election, even in those municipalities or precincts where such party by petition did not file petitions for the nomination of candidates, or the number of petitions filed did not reach the minimum required by law. It is evident, therefore, that in these municipalities or precincts the party by petition, if it wants to exercise the right to nominate candidates should do so by conventions.

The right granted to the party by petition to nominate candidates for all the offices entails the right to change or substitute them in the manner and within the terms provided by law for the principal parties. However, this right to nominate candidates does not compel the party by petition to nominate them by means of conventions when such nominations have already been made by the party in the number of valid petitions necessary for the registration of the candidate on the election ballot.

For that reason we are of the opinion that the petition made by the Puerto Rican Union Party in the concrete manner in which it was submitted to vote should have prospered and error was incurred when said contention was decided against by the vote of the Acting General Supervisor of Elections.

Consequently the decision appealed from is set aside and annulled, and the matter is remanded to the Board for it to make the proper pronouncements.

Notice be served upon the Board and all its members individually.

(s) PEDRO PÉREZ PIMENTEL
*Acting Chief Justice*

I ATTEST:

(s) JOSÉ L. CARRASQUILLO
*Clerk*